



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Hon. Avern Cohn |
| Plaintiff, | No. 09-20025 |
| -vs- | **OFFENSE:** 18 U.S.C. §§ 371 and 666(a)(1) (Bribery Conspiracy) |
| D-3 MONICA A. CONYERS, | **MAXIMUM PENALTY:** 5 years in prison, 3 years supervised release |
| Defendant. | |
| _____/ | **MAXIMUM FINE:** $250,000 |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant MONICA A. CONYERS and the government agree as follows:

1. **GUILTY PLEA**

   **A.   Count of Conviction**

   Defendant will enter a plea of guilty to **Count One** of the Information, which charges conspiracy to commit bribery, in violation of 18 U.S.C. §§ 371 and 666(a)(1).

B.  **Elements of Offense**

The elements of Count One (Conspiracy to Commit Bribery) are:

1. That two or more persons conspired or agreed to commit bribery as described in paragraph 1.B.4., below;

2. That the defendant knowingly and voluntarily joined the conspiracy knowing of and intending to help accomplish one or more of its objects;

3. That a member of the conspiracy took one of the overt acts described in the charging document for the purpose of advancing or helping the conspiracy.

4. Object of Conspiracy – Bribery – 18 U.S.C. § 666(a)(1)

    (a) The defendant (or a coconspirator of defendant) was an agent of the City of Detroit (i.e., someone authorized to act on behalf of the City of Detroit, including as a servant, employee, director, officer, manager or representative);

    (b) The defendant (or a coconspirator of defendant) solicited, demanded, accepted or agreed to accept anything of value;

    (c) The defendant (or a coconspirator of defendant) did so corruptly with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the City of Detroit;

    (d) The business, transaction or series of transactions involved anything of value of $5,000 or more; and

    (e) The City of Detroit, in a one year period, received benefits of more than $10,000 under any federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other form of Federal assistance; and

    (f)    The one-year period of Federal assistance was within twelve months before or after the commission of the offense.

## C.   Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea:

> On January 1, 2006, defendant began serving a four-year term on the Detroit City Council as President *Pro Tempore*. Starting in January 2007, defendant served a two-year term as an *ex officio* trustee of the City of Detroit General Retirement System. In connection with her official duties with the City Council and the General Retirement System, defendant and an aide received payments from persons who sought contracts, money and/or favorable treatment from these two entities. Defendant and the aide did so with the intent that the payors would perceive that defendant would be influenced by the payments in her official actions.
>
> One instance in which this occurred was in 2007, when the City Council was considering whether to approve a wastewater treatment contract between Synagro Technologies, Inc. ("Synagro") and the City of Detroit known as the Amended and Restated Wastewater Plant Biosolids Supply Service Contract ("Synagro contract"). To be approved, Synagro needed the City Council to adopt a resolution supported by at least five of its members.
>
> On November 20, 2007, defendant voted in favor of the Synagro contract. During the summer and winter of 2007, both before and after her vote, defendant received cash payments in the Eastern District of Michigan from an individual sent by Rayford Jackson, a paid consultant for Synagro. The payments were made and received as part of an agreement and understanding between defendant, Rayford Jackson, and the other individual that those payments were intended by the payors to influence defendant to support the Synagro contract.

The parties stipulate that the Synagro contract was a transaction involving over $5,000. The parties further stipulate that in 2007 the City of Detroit received benefits of more than $10,000 from the Federal government in the form of grants, subsidies, and other forms of Federal assistance.

2. SENTENCING GUIDELINES

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Sentencing Guidelines

Defendant's guidelines term of prison cannot exceed sixty (60) months, which is the statutory maximum term of prison for the offense of conviction. For purposes of calculating the sentencing guidelines, the parties disagree on the applicability of U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1 (pertaining to the value of the benefit to be received from the offense of conviction). The Court is not bound by either party's evaluation of the guideline range, and defendant understands that she will have no right to withdraw her guilty plea if the Court does not follow her recommendation.

3. SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

### A.   Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the range as determined by Paragraph 2B.

### B.   Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.   Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.   Fine

The parties agree that the fine will be no more than the maximum amount of $200,000.


### E.    Restitution

The Court may order restitution to every identifiable victim of defendant's offense.  There is no agreement on restitution.  If the Court orders restitution, the Court will determine who the victims are and the amounts of restitution they are owed.

## 4.    OTHER CHARGES

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in this plea agreement and/or any other conduct known to the government at the time defendant's plea is entered.

## 5.    EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 2.  This is the only reason for which defendant may withdraw from this agreement.  The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 2.

## 6.    RIGHT TO APPEAL

If the sentence imposed falls within the range allowed by Paragraph 2B, above, defendant waives any right to appeal her conviction or sentence.  If the

sentence imposed is above that range, defendant retains her right to directly appeal the Court's guideline determination. The government agrees not to appeal any sentence within the range recommended by the government, but retains the right to appeal any determination by the Court to apply a lower range.

7.  **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in worksheets submitted in connection with sentencing, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 8.    PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 9.    SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

10. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on June 22, 2009. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

TERRENCE BERG
United States Attorney

_____
LYNN HELLAND
Assistant United States Attorney
Chief, Special Prosecutions Unit

_____
R. MICHAEL BULLOTTA
Assistant United States Attorney

_____
MARK CHUTKOW
Assistant United States Attorney

Date: June 22, 2009

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. she also acknowledges that she is satisfied with her attorney's advice and representation. Defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of her questions answered by her lawyer.

_____
STEVEN FISHMAN
Attorney for Defendant

_____
MONICA A. CONYERS
Defendant

Date: June 22, 2009