UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                   Case No. 09-20025

D-3, MONICA CONYERS,             HON. AVERN COHN

     Defendant.

_____/

**MEMORANDUM REGARDING SENTENCING**

I.

This is a criminal case. Defendant pled guilty to a violation of 18 U.S.C. §§771 and 666(a), Conspiracy to Commit Bribery Concerning Program Receiving Federal Funds. On March 10, 2010, the Court sentenced defendant to a custody term of 37 months, to be followed by two (2) years of supervised release under the standard terms and conditions of this district. The Court imposed a special assessment of $100.00. No fine was imposed, and defendant was not required to pay the costs of supervised release. This memorandum supplements (and repeats in part) the Court's bench comments at the sentencing.

II.

The Rule 11 Plea Agreement accompanying the plea stated that the guideline term of imprisonment could not exceed 60 months, which is the maximum term of imprisonment for the offense of conviction. The plea agreement further stated that the

Court was not bound by either party's evaluation of the guideline range.  The plea

agreement also contained a waiver of the right to appeal if the Court imposed a

sentence in accordance with the plea agreement.

The Presentence Investigation Report recommended a guideline scoring for the

offense of conviction as follows:

| | |
|---|---|
| Base Offense Level | 14 |
| Value of Payments Received ($16,000) | +4 |
| Elected Public Official | +4 |
| Acceptance of Responsibility | -3 |
| Offense Level | 19 |

The Offense Level of 19, coupled with a Criminal History of I, called for a

sentencing range of 30-37 months.

As reflected in the record of the sentencing hearing, the Court at the time was

under the impression the Probation Department had filed a supplement to the

Presentence Investigation Report, which showed an increase in the Offense Level to 23

because of the inclusion of Relevant Conduct under Sentencing Guideline § 1B1.3.

This increase was consistent with the position of the government as set forth in its

Sentencing Memorandum (Doc. No. 152).  However, this was not the case; the

supplement was not the recommendation of the Probation Department, but rather a

description of Relevant Conduct and the guideline range should the Court include

Relevant Conduct in its calculation of the Offense Level.

After an extended discussion, including an objection by defendant to the inclusion

of Relevant Conduct in the computation of the Offense Level, the Court did not include

Relevant Conduct in its guideline calculation of the Offense Level.[1]

## III.

The Court imposed a sentence at the top of the guideline range of 30-37 months.

The reasons as stated on the record follow:

> [T]he Court has considered the factors set forth in 18 U.S.C.
> 3553(a).  Not each of the factors is relevant to the sentence.
> What is relevant is the nature and circumstances of the
> offense [of conviction]. . .the need for the sentence imposed
> to reflect the seriousness of the offense; the need to promote
> respect for the law and to [provide] just punishment for the
> offense; to afford adequate deterrence to other public
> officials who use their positions to enrich themselves.
>
> Because of the impact the transgressions of the defendant
> has had on the people of Detroit as reflected in the extensive
> and perhaps excessive media coverage of the case, some
> [further] comment is appropriate in explanation of the
> sentence imposed.
>
> First, there are some facts in the defendant's favor.  She
> immediately resigned from the City Council following the plea
> of guilty and has remained publicly silent since then.
>
> Also in her favor are her efforts to cooperate with the

---

[1]No useful purpose would be served by a description of the Relevant Conduct
initially included by the Court.  What was not appreciated by any of the parties, including
the Court, was the import of E.D. Mich. LCrR. 32.1(f) which reads:

> When the Court resolves disputed sentencing factors, it shall
> notify the parties of its tentative findings and provide a
> reasonable opportunity for the submission of oral or written
> objections to the Court before the imposition of sentence.  If
> the Court determines that a hearing is necessary to resolve
> disputed sentencing factors, a hearing shall be held for that
> purpose upon reasonable notice to all interested parties.
> See Fed.R.Crim.P. 32.

See also United States v. Ramirez, 196 F.3d 895, 897-99 (8th Cir 1999).

government.  However, the government has advised the Court that much of the information the defendant has provided is somewhat conclusory and not firsthand evidence which can be introduced in a court proceeding.  For this reason the government says it has not filed a motion under Section 5K1.1 of the guidelines for a downward departure.  Significantly, the  government has also advised the Court, and I quote:

> The government cannot say at this time what value Ms. Conyers' leads might yield until the government has had a chance to investigate further some of the matters she described.  That investigation will not be completed by the time of Ms. Conyers' sentencing in March.  If her leads later prove to be significant, the government may, if appropriate, file a motion with the Court for a reduction of the sentence pursuant to Federal Rule of Criminal Procedure 35.

The defendant is a first-time offender and unlikely to ever engage in criminal conduct again.

Finally, the defendant has done some good works outside of her official position.  The Presentence Investigation Report notes that the defendant has been a positive influence on the community, that she has volunteered at homeless shelters, assisted convicted felons with finding employment and worked with disadvantaged women.  Ordinarily such activity should work in defendant's favor.  However, as a nationally known expert in criminal law has said:

> Although the consideration of good works look beyond the crime of conviction to view the whole individual, that approach should not be followed when the defendant is an elected official who betrayed the public trust.

In the end in fashioning an appropriate sentence the Court has balanced individual characteristics against institutional values.

The law requires the Court to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing:  [j]ust punishment, general deterrence and protection of the public.  The sentence of

[37] months accomplishes these goals.

The defendant's conduct while a member of the Detroit City Council fell woefully short of what the people of Detroit were entitled to when they elected her to the City Council. For reasons not fathomable to the Court, and likely to the defendant herself, she violated fundamental precepts expected of an elected official and public office holder. As far back as the Book of Exodus we find recited obligations to which each of us are subject and which in the defendant's case were violated. Chapter 23 tells each of us to:

> Take no rewards in a cause, for rewards make those blind who have eyes to see, and make the decisions of the upright false.

As to a government official such as defendant herself, Judge John T. Noonan in his seminal work Bribes says:

> Bribery is a betrayal of trust.

And then says:

> The social injury inflicted by breaches of trust goes beyond any material measurement. When government officials act to enrich themselves, they act against the fabric on which they depend; for what else does government rest upon except the expectation that those chosen to act for the public welfare will serve that welfare.

The sentence imposed is consistent with the most recent sentences imposed by judges of this district against public officials who breached their oath of office. The sentence is more severe than others because the defendant's responsibility was greater and . . . her offense was more egregious.

## IV.

During the course of the sentencing hearing, several times the defendant stated her desire to withdraw her guilty plea. This request was denied. The defendant's plea of guilty was made knowingly and voluntary. As stated by the government's attorney,

defendant "has pled guilty to a bribery offense, and she should be held responsible for

it."

The transcript of the plea hearing reads in part as follows:

> THE COURT:  Did you, as charged in the information, engage in a conspiracy to commit bribery concerning programs receiving federal funds?
>
> DEFENDANT:  Yes.
>
> THE COURT:  Yes?  The answer is yes?
>
> DEFENDANT:  Correct.
>
> THE COURT:  The government lawyer described the circumstances of the offense.  I want you to listen to him because I believe he's going to describe it, and I want to know from you if he describes it correctly, okay?
>
> DEFENDANT:  Yes.
>
> THE COURT:  Go ahead, sir [to the government attorney].
>
> GOVERNMENT ATTORNEY:  The factual basis is contained on Pages 3 and 4, and I'll summarize those.  On January 1, 2006 defendant began serving a four-year term on the Detroit City Council as president pro tem.  Starting January 2007, the defendant served a two-year term as an ex officio trustee of the City of Detroit General Retirement System.  In connection with her official duties with the city council and the General Retirement System, the defendant and an aide received payments from persons who sought contracts, money or favorable treatment from those two entities.  The defendant and the aide did so with the intent that the payers would perceive that defendant would be influenced by the payments in her official actions.
>
> One instance in which this occurred was in 2007 when the City Council was considering whether to approve a waste water treatment contract between Synagro Technologies and the City of Detroit.  The parties further stipulate that the Synagro contract . . . involved more than $5,000 and that in 2007 the City of Detroit received benefits of more than

$10,000 from the federal government.

THE COURT:  Is that complete?

GOVERNMENT ATTORNEY:  That's complete, Your Honor.

THE COURT: [To defendant]  You have heard what he says?  That's what this agreement says?

DEFENDANT:  Yes.

THE COURT:  And you agree that's accurate?

DEFENDANT:  Yes.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 29, 2010, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160