UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 09-20025

D-3, MONICA CONYERS,                       HON. AVERN COHN

    Defendant.

_____/

## MEMORANDUM AND ORDER
## DENYING BOND PENDING APPEAL

I.

This is a criminal case. On June 26, 2009, defendant pled guilty to a charge of Conspiracy to Commit Bribery Concerning Programs Receiving Public Funds (Doc. 9). On March 10, 2010, defendant was sentenced to a custody term of 37 months. During the course of the sentencing hearing defendant moved to withdraw her guilty plea. The motion was denied. Defendant filed a Notice of Appeal on March 10, 2010.

Now before the Court is Defendant Conyers' Motion for Appeal Bond (Doc. 198). The motion is DENIED. The reasons follow.

II.

Defendant is not appealing her sentence. Rather, defendant, it appears, is appealing as she describes it "whether Appellant should have been allowed to withdraw her plea prior to sentencing." Appellant's Response to Motion to Dismiss (Document: 006110270621; United States Court of Appeals for the Sixth Circuit, Case No. 10-1344, p. 3). She says that "the district court abused its discretion when it denied her motion to withdraw her plea." Defendant Conyers' Motion for Appeal Bond (Doc. 198, p. 2).

18 U.S.C. § 3143, which governs bond pending appeal reads in part:

> (b) Release or detention pending appeal by the defendant . . . the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of *certiorari*, be detained, unless the judicial officer finds --
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
>>
>>> (I) reversal,
>>> (ii) an order for a new trial,
>>> (iii) a sentence that does not include a term of imprisonment, or
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

FED. R. CRIM. P. 11(d), which governs withdrawal of a guilty plea reads:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
>> (1) before the court accepts the plea, for any reason or no reason; or
>>
>> (2) after the court accepts the plea, but before it imposes sentence if:
>>
>>> (A) the court rejects a plea agreement under Rule 11(c)(5); or
>>>
>>> (B) the defendant can show a fair and just reason for requesting the withdrawal.

In <u>United States v. Haygood</u>, 549 F.3d 1049, 1052 (6th Cir. 2008), the court stated:

> In the Sixth Circuit, as in other circuits, a multi-factor balancing test has been developed to guide district courts in deciding whether to grant a motion to withdraw a guilty plea. The

factors in this circuit are the following:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
>
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
>
> (3) whether the defendant has asserted or maintained his innocence;
>
> (4) the circumstances underlying the entry of the guilty plea;
>
> (5) the defendant's nature and background;
>
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
>
> (7) potential prejudice to the government if the motion to withdraw is granted.

The court went on to state:

> Plea withdrawals should generally not be allowed where a defendant has made 'a tactical decision to enter a plea, wait[ed] several weeks, and then . . . believes he made a bad choice in pleading guilty.' . . . Rather, Rule 11(d)(2)(B) is designed to 'allow a hastily entered plea made with unsure heart and confused mind to be undone . . .'"

Id. at 1052-53 (alterations in original) (citations omitted).

### III.

The chronology of relevant events in this case are as follows:

- June 26, 2009          Plea of guilty

- October 27, 2009       Sentencing set for December 01, 2009

- November 04, 2009     Sentencing re-set for January 15, 2009

- December 14, 2009      Sentencing re-set for March 10, 2010

- March 10, 2010          Oral motion to withdraw guilty plea; denial of motion

3

- March 10, 2010     Sentencing; report date set for July 01, 2010

- March 10, 2010     Notice of Appeal

- June 09, 2010      Motion to Extend Report Date

- June 23, 2010      Report date re-set for September 10, 2010

- August 05, 2010    Motion for Bond Pending Appeal

Review of the transcript of the guilty plea hearing establishes that defendant was fully informed of her rights, acknowledged that she was fully informed of her rights, and acknowledged that the facts which established her guilt were as follows:

> On January 1, 2006, defendant began serving a four-year term on the Detroit City Council as president pro tem. Starting in January 2007, the defendant served a two-year term as an ex officio trustee of the City of Detroit General Retirement System. In connection with her official duties with the city council and the General Retirement System, the defendant and an aide received payments from persons who sought contracts, money, or favorable treatment from those two entities. Defendant and the aide did so with the intent that the payers would perceive that defendant would be influenced by the payments in her official actions.
>
> One instance in which this occurred was in 2007 when the city council was considering whether to approve a waste water treatment contract between Synagro Technologies and the City of Detroit. The parties further stipulate that the Synagro contract -- the parties further stipulate that the Synagro contract involved more than $5,000, and that in 2007, the City of Detroit received benefits of more than $10,000 from the federal government.

* * * *

At the conclusion of the guilty plea proceedings, the Court stated:

> Since you acknowledged that you're in fact guilty as charged in the information, you should know you have the right to a trial and what the maximum punishment is. Since you're voluntarily pleading guilty, I accept your plea and order a judgment of guilty. I find your plea is free and voluntary and you understand the charge and penalty, the plea agreement has

4

been properly executed, there is a factual basis for the plea.
The clerk is ordered to enter the plea of guilty. The defendant
now stands convicted.

Prior to the sentencing hearing both the government and the defendant filed sentencing memoranda. Defendant urged on the Court a non-custodial sentence; the government urged on the Court a substantial sentence in the range of 46 to 57 months, based not only on the offense of conviction, but also relevant conduct. The Probation Department in a memorandum stated:

> The facts of the case, the applicable sentencing guidelines, the sentences given to co-defendants and the defendant's post-plea actions provide support for a variance from the guideline range of 46 to 57 months to a sentence in the range of 24 to 30 months.

Defendant, in a letter to the Court, again urged a departure from the advisory guideline range.

The sentencing hearing covers 37 pages of transcript. At its opening, counsel for defendant stated:

> Steven Fishman on behalf of Ms. Conyers, and I told Ms. Conyers what the Court asked me to inform her and she has something to say to the Court first.

The Court responded:

> No, please, we have a routine, Ms. Conyers. You will get an opportunity to talk.

The defendant responded:

> Yes, sir.

The Court then went on with a detailed description of its consideration of the Pre-Sentence Report and the sentencing memoranda it received, all of which except for defendant's memorandum, supported a sentencing guideline range of 46 to 57 months.

5

Counsel for the defendant vigorously disputed the Court's findings relating to the role of relevant conduct as a predicate for the proper sentence. The defendant interrupted, saying:

> I would like to withdraw my guilty plea.

The Court responded by saying:

> I'm not going to respond to that at this moment.

An extensive discussion followed with counsel for the defendant, counsel for the government and the Court. The discussion concluded with the Court stating:

> I will exclude relevant conduct. . . . I find that the . . . recommended guideline range is 30 to 37 months.

Neither counsel for the defendant or for the government had any further comment.

The Court then stated:

> Okay. Now Ms. Conyers, you have a right to address the Court or your lawyer may do so or both of you may do so.

The defendant then stated:

> I would like to withdraw my plea. I just don't feel that I should go to jail for something that I didn't do. And it's been said that you are going to make an example out of me, and the news media has been putting pressure on you to send me to jail and I just don't feel that it's appropriate.
>
> The prosecutors know that there is evidence on their tapes that says that I didn't do all of these things that they are saying that I did. They have taken tapes and used them out of contents [sic]. I know what I said and I know what's on those tapes, and some of those things on those tapes will exonerate me, I know that, so I'm not going to be made an example of things that I did not do.
>
> So I will take the blame for the thing that I did do, but they didn't want me to plea to that. And so now I'm called here today to say, you know, am I going to -- is it about not embarrassing my family or for me to go to jail because I didn't do some of these things that they are saying that I did and, you

> know, I just don't feel that's appropriate. And I would like to --
> do apologize for the thing that I did do, but I just don't feel
> within my heart I should take the blame for things that I did not
> do.

After further comment by counsel for the defendant and counsel for the government, the Court stated:

> I'm satisfied that the. . .plea was voluntary and knowingly. I recall asking if the plea agreement accurately reflected the circumstances of the offense to which she was pleading, and as I recall, the answer to that was yes and that there is no basis for withdrawal of the plea at this time. So to the extent that there is a motion to withdraw the plea, it's denied so we can proceed to sentencing.

Additional discussion followed with the Court reading into the record portions of the plea hearing recited above. After some further discussion the defendant then addresses the Court in over four (4) pages of transcript and concludes:

> Everybody is going to be fair to me or I want to withdraw my plea.

The sentencing hearing concluded with the imposition of a 37 month custodial sentence and an extended explanation by the Court as to how it arrived at the sentence (see Exhibit A, attached).

IV.

A.

The Court is satisfied after a review of the sentencing transcript that defendant's request to withdraw her guilty plea was an eleventh hour decision motivated by the fact that she believed the Court, in imposing sentence, was going to include relevant conduct, conduct outside the offense of conviction in considering the sentence to be imposed. This was not the case. In its initial comments the Court indicated it was going to include relevant conduct in considering the sentence to be imposed. After objection from counsel for the

7

defendant, it withdrew such consideration.

B.

Beyond the extended length of time from the guilty plea to the request to withdraw defendant's guilty plea, and beyond the length of time from the Notice of Appeal to the motion for release pending appeal, and beyond the fact that the Court, following the Notice of Appeal, extended defendant's reporting date at defendant's request, there is no basis reflected in the record to grant defendant bond pending appeal.

As stated by the government in the penultimate paragraph of the Opposition to Motion for Release Pending Appeal (Doc. 201):

> Without even considering the other factors mentioned in *Haygood*, the length of time Conyers waited to ask to withdraw her plea and the flimsy reason she gave for wanting to withdraw her plea, alone, strongly support affirmance of this Court's decision to deny her motion to withdraw. Accordingly, she has not shown that her appeal presents a substantial question likely to result in reversal.

Defendant shall report to the institution designated by the Bureau of Prisons on September 10, 2010.

SO ORDERED.


Dated: August 17, 2010          S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 17, 2010, by electronic and/or ordinary mail.

                                                                            S/Julie Owens
                                                                            Case Manager, (313) 234-5160